# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **SHELLEY DUNCAN**, <br><br> Defendant. | Case No. **6:21-cr-149-JWD** |

## DEFENDANT'S MOTION TO SELF SURRENDER TO THE BUREAU OF PRISONS

The Defendant, Shelly J. Duncan, through undersigned counsel, respectfully moves for the Court to allow her to voluntarily self-surrender herself to the Bureau of Prisons (BOP) pending classification rather than being taken into custody upon sentencing. While this is an unusual request, Ms. Duncan's circumstances warrant such an accommodation.

If the Court accepts the proposed joint disposition under the 11(c)(1)(C) plea agreement, Ms. Duncan will receive a sentence of thirty-six months. She was incarcerated on this case, through the state of Oklahoma's prosecution, from October 26, 2018 until her release by the Eastern District of Oklahoma on May 3, 2021. Therefore, in total, Ms. Duncan has already served a total of nine hundred and twenty (920) days on this case. The proposed sentence of thirty-six months yields a sentence of one thousand and ninety-five (1095) days. However, pursuant to the First Step Act of 2018, Ms. Duncan would receive a total of one hundred and sixty-two (162) days of good time credit on her sentence, fifty-four (54) days for each year. 18 U.S.C. §3624(b). This means that Ms. Duncan's total sentence, once good time credit is applied, is nine hundred and thirty-three (933) days.

In short, Ms. Duncan has already served 920 of the 933 days of her sentence and only owes the BOP thirteen (13) remaining days on her sentence. Given that only thirteen days remain on her sentence, the BOP is not required to choose to designate Ms. Duncan to a correctional institution. Pursuant to 18 U.S.C. §3624(c), BOP could opt to send Ms. Duncan to a halfway house, or as is more likely, opt to place her on home confinement for the remainder of her sentence, as less than ten percent remains on her sentence.

Ms. Duncan has been on release conditions for over eighteen months now and has been in compliance with all of the Court's release conditions. The BOP is in the best position to determine, given the circumstances of this case, how best to require Ms. Duncan to complete the remaining thirteen days of her sentence. If it requires incarceration, Ms. Duncan will duly report to whatever institute the BOP requires. However, because there is a strong likelihood that the BOP will not opt to require incarceration given the amount of sentence remaining, Ms. Duncan asks that she be allowed to await the BOP's determination at home and subject to her current release conditions.

Given that the holidays are rapidly approaching, Ms. Duncan respectfully asks for a voluntary self-surrender date of January 3, 2022. This will allow the BOP to calculate her credits and determine how best to complete her sentence. The government has been notified of this request and does not object.

Respectfully submitted on December 2, 2022.

    *s/Rebecca L. Aitchison*
Rebecca L. Aitchison, RI #8610
Assistant Federal Public Defender
10 Weybosset Street, 3rd floor
Providence, RI 02903
(401) 528-4281
Counsel for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2022, I electronically transmitted the foregoing documents to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

      Caila Cleary – Assistant United States Attorney

                                               s/ Rebecca L. Aitchison
                                               Rebecca L. Aitchison